**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

ROBERT LEON WATERS, #323-752     *

                                   *

           Petitioner,        *

                                   *

          v.               *      Case No. PJM-09-185

                                   *

NANCY ROUSE, Warden, *et al.*      *

                                   *

          Defendants.       *

                          **\*\*\*\*\*\***

## MEMORANDUM OPINION

Now pending is Robert Leon Waters'[1] Petition for Writ of Habeas Corpus (ECF No. 1), the State's response and exhibits (ECF No. 13), and Waters' reply (ECF No. 15). The Court finds no need for an evidentiary hearing, *see* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts; see also* 28 U.S.C. § 2254(e) (2), and for reasons stated below, DENIES the Petition, CLOSES the case, and DENIES a certificate of appealability.

**I.      Claims Presented**

As Waters is a pro se litigant, the Court liberally construes his Petition for habeas relief. In his Petition, Waters raises the following claims:

1.  Trial counsel provided ineffective assistance by:

    a.  Failing to object to, and thereby preserve as an issue for appeal, prosecutorial comments made during closing arguments that Waters' claims improperly alluded to his failure to testify;  and

    b.  Failing to object to and failing to move to strike the prosecutor's closing statements that vouched for the credibility of the State's witnesses.

2.  The prosecutor committed misconduct by:

---

[1] Waters is confined at the Roxbury Correctional Institution.  Warden Nancy Rouse is his custodian.

    a.   Improperly vouching for the credibility of the State's witnesses; and

    b.   Making comments during closing arguments that improperly encouraged the jury to draw an inference of guilt from Waters' failure to testify.

Mem. in Supp. of Pet. For Habeas Corpus, ECF No. 6 at 7-9, 13, 16.

## II.   Factual and Procedural Background

Waters was charged in the Circuit Court for Somerset County with second-degree rape and second-degree assault, and was tried before a jury on July 14, 2004. Relevant facts underlying the charges, as set forth by the Court of Special Appeals of Maryland in its unreported decision on direct appeal, follow:

> This case involves a 13-year-old victim, LM.[2]  Belinda W., [Waters'] daughter, was LM's best friend.  On May 27, 2002, LM attended a Memorial Day party with Belinda and her family, after which they went to [Waters'] home.  [Waters] soon announced that it was getting late, it was a school night, and advised LM to call her father to pick her up.  When LM was unable to reach her father or her aunt, [Waters] offered to drive her home in his van.
>
> [Waters] decided to take a back road to LM's house.  On the way, he stopped the van, went to the back seat where LM was seated and, holding LM down, had vaginal intercourse with her.  Afterwards, [Waters] said "this is our business, keep it like that."  [Waters] returned to the driver's seat and took LM home.
>
> LM was afraid to tell anyone about the events of that night.  After a "couple of weeks," she told Belinda, who had continued to ask why LM was not calling her or visiting her home.  LM told Belinda what had happened and later told Belinda "to forget about it and act like it never happened" and that she "was going to drop the charges." At trial, the girls' testimony was in conflict on this point.  Belinda testified that LM told her that no such incident occurred.  LM, to the contrary, denied telling Belinda that the incident never happened.  LM explained on redirect examination that she had told Belinda that she would drop the charges because she (LM) felt guilty.
>
> After telling Belinda about the incident, LM called her sister, Eva Thomas, in Pennsylvania.  Belinda participated in the telephone conversation.  After receiving this "conference call," Ms. Thomas arrived at LM's home the next morning.  Ms. Thomas took LM and Belinda to the Somerset County Child Protective Services and then to the Peninsula Regional Medical Center.

---

[2] The Court shall refer to the claimant as LM.  The remaining children will be identified only by their first names and initial of their surname.

> On June 3, 2002, Sharon Jones of the Somerset County Child Protective Services contacted TFC Ronnie Howard of the Maryland State Police with information about LM's complaint.  TFC Howard arrived at the Medical Center and spoke with LM, Belinda, and Dr. Bret Levy, a physician at the Center's emergency room.  As a result of these discussions, TFC Howard obtained charging documents against [Waters].  The trooper did not obtain any clothing from LM, because she had washed her clothes after the incident.  Nor did TFC Howard search [Waters'] van because of the passage of time.

Answer to Pet. for Habeas Corpus, ECF No. 13, Ex.8 at 1–3.

Waters was tried before a jury in Somerset County on July 14, 2004.   The jury found Waters guilty of second-degree rape and second-degree assault on the same day.  *Id.,* Ex. 3 at 124.  On October 28, 2004, Judge Daniel M. Long of the Circuit Court for Somerset County heard oral arguments on Waters' motion for a new trial. *Id.,* Ex. 4.  Judge Long denied Waters' motion for a new trial and sentenced Waters to 15 years in prison.  *Id.*, Ex. 4 at 11-12, 19. Waters did not appeal Judge Long's denial of his motion for a new trial.  Instead, Waters appealed his conviction directly.

On direct appeal, Waters contended that the trial court erred by refusing to declare a mistrial following improper prosecutorial comments made regarding Waters' failure to testify, and by admitting improper rebuttal testimony to impeach the testimony of defense witness Belinda W. *Id.,* Ex. 5 at 6, 14. On October 10, 2006, the Court of Special Appeals of Maryland affirmed Waters' convictions in an unreported opinion. *Id.,* Ex. 8. Waters did not seek further review of the Court of Special Appeals' disposition of his appeal, and his judgment of conviction became final for direct appeal purposes on November 24, 2006.  Answer, ECF No. 13 at 5.

On August 24, 2007, Waters initiated state post-conviction proceedings in the Circuit Court for Somerset County. Answer, ECF No. 13, Ex. 9. The petition, as supplemented by both counsel and by Waters himself, raised the following claims:

1.  Trial counsel James Anthenelli provided ineffective assistance by:

a.  Committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;

b.  Engaging in conduct involving dishonesty, fraud, deceit and misrepresentation;

c.  Engaging in conduct that is prejudicial to the administration of justice and for violating Competence Rule 1.1;

d.  Failing to argue in pretrial motions that TFC Howard obtained a statement from Waters in violation of Waters' *Miranda* rights;

e.  Failing to investigate TFC Howard's and Princess Anne Police Capt. Keller's July 2002 search of Waters' home and vehicle;

f.  Making false representations regarding the time frame in which counsel was retained;

g.  Failing to submit evidence at trial consisting of phone records, emails, and letters written by LM that could have been used for impeachment purposes;

h.  Failing to subpoena Mark Murray to testify at trial;

i.  Fraudulently representing to Waters that counsel would solicit testimony from Dr. Craig J. Schaefer regarding LM's medical records at trial, then failing to call Dr. Schaefer as a witness;

j.  Failing to argue the weight of the evidence;

k.  Opening the door to testimony that prejudiced the defense;

l.  Failing to object on the several occasions that the prosecutor called attention to Waters' failure to testify;

m. Failing to object to, and thereby preserve as an issue for appeal, the prosecutor's comments regarding Waters' failure to testify made after the court issued a curative instruction regarding the prosecutor's initial comments on the same subject;

n.  Failing to request a mistrial based on the prosecutor's comments made after the court issued its curative instruction;

o.  Failing to object to and failing to move to strike the prosecutor's closing statements that vouched for the credibility of the State's witnesses; and by

4

      p.  Failing to request a *Griffin* instruction after the trial court's curative instruction regarding the prosecutor's comments.

  2.  The prosecutor, Assistant State's Attorney Kristy Hickman, committed misconduct by:

      a.  Failing to disclose all exculpatory and impeachment evidence that led to the denial of Waters' right to effective cross-examination;

      b.  Committing perjury and fraud by eliciting false testimony from Trooper Howard regarding Waters' age;

      c.  Improperly vouching for the credibility of LM, the State's key witness, and other witnesses presented by the State; and

      d.  Making comments during closing arguments that disregarded the trial court's instruction and improperly encouraged the jury to draw an inference of guilt from Waters' failure to testify.

Id., Exs. 9-12.

On January 16, 2008, Judge Donald Davis of the Circuit Court for Somerset County presided over a hearing regarding Waters' post-conviction relief petition and supplemental petitions. *Id.*, Ex. 13. At this hearing, Waters waived all allegations included in his original post-conviction relief petition and his first supplemental petition for post-conviction relief. *Id.*, Ex. 13 at 36. The allegations waived at the hearing were allegations 1(a)-(k) and 2(a)-(b). Judge Davis denied post-conviction relief to Waters in an opinion dated February 14, 2008. Id., Ex. 14 at 10.

**III.     Threshold Issues**

*A.  Exhaustion of State Remedies*

Under *Rose v. Lundy*, 455 U.S. 509 (1982), petitioners for federal habeas corpus relief must exhaust each claim in state court. Exhaustion is achieved by seeking review of the claim in the highest available state court. *See* 28 U.S.C. §§ 2254(b)-(c); *see also O' Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996). In Maryland, this

may be accomplished by proceeding with certain claims on direct appeal and with other claims by way of a post-conviction petition, followed by petitioning the Court of Special Appeals for leave to appeal. Waters has availed himself of all state direct review or collateral review remedies for the claims raised here: (1) that Waters' trial counsel provided ineffective assistance by failing to object to (a) prosecutorial commentary on Waters' failure to testify and (b) prosecutorial vouching for witnesses' credibility; and (2) that the prosecutor committed misconduct by (a) improperly commenting on Waters' failure to testify and (b) improperly vouching for the credibility of the State's witnesses. These claims will be considered exhausted for this federal habeas corpus review.

B. *Timeliness*

Respondents do not contend—and the record does not show—that Waters' petition is time-barred.

## IV.    Standard of Review

A federal court may not grant a writ of habeas corpus unless the state's adjudication on the merits:

> 1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
> 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  A decision is "contrary to" Supreme Court precedent if "the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *Renico v. Lett*, ___ U.S. ____, 130 S.Ct. 1855, 1862 (2010).[3]  Section 2254(d) also requires federal courts to give great deference to a state court's

---

[3] Although § 2254(d) is a "highly deferential standard for evaluating state-court rulings," *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997), "which demands that state court decisions be given the benefit of the doubt," *Woodford v.*

factual findings. *See Lenz v. Washington*, 444 F.3d 295, 299 (4th Cir.2006).  Section 2254(e)(1)

of the habeas statute provides that a determination of a factual issue made by a state court shall

be presumed to be correct absent clear and convincing evidence to the contrary. The applicant

has the burden of rebutting the presumption of correctness. A decision adjudicated on the merits

in a state court and based on a factual determination will not be overturned on factual grounds

unless objectively unreasonable in light of the evidence presented in the state court proceeding.

*See Miller–El v. Cockrell*, 537 U.S. 322, 340 (2003). In sum, § 2254(d) imposes a "highly

deferential standard for evaluating state-court rulings" and "demands that the state-court

decisions be given the benefit of the doubt." *See Renico,* 130 S.Ct. at 1862; *see also Woodford v.

Visciotti*, 537 U.S. 19, 24 (2002). Using this analysis, the Court now examines Waters' pending

claims.

## V.      Analysis of Claims

### A.  *Ineffective Assistance of Trial Counsel*

The right to effective assistance of counsel is protected by the Sixth Amendment.

Constitutional ineffective assistance of counsel claims are governed by *Strickland v. Washington,*

466 U.S. 668 (1984).[4]  To prevail on a claim of ineffective assistance of counsel, a petitioner

---

*Visciotti*, 537 U.S. 19, 24 (2002) (*per curium* ), a state court decision is "contrary to" clearly established federal law when "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor,* 529 at 412–413. A state court decision is based on an "unreasonable application" of clearly established federal law when "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409–410; *see also Wiggins v. Smith,* 539 U.S. 510, 520–21 (2003); *Booth-el v. Nuth,* 288 F.3d 571, 575 (4th Cir.2002).

[4] The Supreme Court reaffirmed and applied these standards in an ineffective assistance of counsel context in *Bell v. Cone*, 535 U.S. 685 (2002):

> For respondent to succeed, however, he must do more than show that he would have satisfied *Strickland's* test if his claim were being analyzed in the first instance, because under § 2254(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state-

must show his attorney's performance fell below an objective standard of reasonableness and that he suffered actual prejudice. *Strickland*, 466 U.S. at 687. To demonstrate actual prejudice, a petitioner must show there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694. There exists a strong presumption that counsel's conduct was within a wide range of reasonably professional conduct, and courts must be highly deferential in scrutinizing counsel's performance. *Id.* at 688–89. A petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). Furthermore, a determination need not be made concerning the attorney's performance if it is clear that no prejudice would have resulted had the attorney been deficient. *Id.* at 697.

With regard to the prejudice prong of *Strickland,* a defendant need not demonstrate that the outcome of the proceeding would have been different, but rather that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. Even if counsel committed a professionally unreasonable error, relief can be granted only if "counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *See Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). Using this standard, the Court reviews Waters' ineffective assistance claims.

Waters first contends that trial counsel erred by failing to object to the prosecutor's continued comments regarding Waters' failure to testify at trial. This claim was examined and rejected by the post-conviction court, as follows:

---

court decision applied *Strickland* incorrectly. [internal citation omitted]. Rather, he must show [the state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner. *Id.* at 698–9.

In the course of her closing argument the prosecutor said the following:

> "The only evidence that was presented to contradict anything [LM] said was Belinda [W.]  T. 108 lines 2-4.  "There has been nothing to dispute her testimony, nothing that – no defense offered that this did not happen, and"  T. 110 lines 5-7 "There has been nothing but Belinda Waters, which I would submit to you was clearly not telling the truth on the stand . . . I would submit to you that's the only evidence that has been presented to show that [LM] was not telling the truth and the evidence is not credible."  T. 118 lines 11-13, 18-20.  "So I would submit the only thing that goes against what [LM] said is Belinda [W.]"  T. 120 lines 17-19.

> Petitioner asserts these statements violated his Fifth Amendment right not to testify and the prosecutor was making comments about his choice to remain silent. . . . Petitioner testified that his attorney should have objected to these comments.

> [Defense counsel], however, did object to the prosecutor's statement about no defense being offered during the closing argument and moved for a mistrial on the grounds that the statement was a comment on the Defendant's failure to testify. (T. 110-111, referring to comment on T. 110, lines 5-7).  Judge Long denied to motion for a mistrial but instructed the jury to disregard the statement. . . . The subsequent comments of the prosecutor, after the curative instruction, were directed toward the credibility of the defense witness, Belinda [W.], compared to the State's witness, [LM], rather than Petitioner's failure to testify.

> The Court is not persuaded that Mr. Anthenelli's representation was deficient. Even if this Court were persuaded that Mr. Anthenelli should have objected to each comment of the prosecutor to which Petitioner objects, the Petitioner is not entitled to relief because Petitioner has not established that he was prejudiced.

Answer, ECF No. 13, Ex. 14 at 6-7.

Waters also contends that trial counsel provided ineffective assistance by failing to object to prosecutorial comments that Waters characterizes as improper vouching for credibility of the State's witnesses.  The post-conviction court rejected this ineffective assistance claim as well, stating that

> The prosecutor commented that there is no evidence to show the victim is lying and that she is credible, as were the other state witnesses.  In doing so, the prosecutor did not put her personal assurances on the testimony of the witness, present to the jury any information that was not in evidence, nor encourage the

jury to abandon their own judgment.  It is permissible for a prosecutor to comment on the credibility of witnesses so long as those conclusions may be inferred from the evidence introduced and admitted at trial.  [Spain, 872 A.2d at 30-32.]

Petitioner's trial counsel, James Anthenelli, objected when the prosecutor made her first comment which he took to be an allusion to Petitioner's failure to testify. . . . Mr. Anthenelli testified [at the post-conviction hearing] that he did not object further to the subsequent statements of the prosecutor because he believed those comments to be within the permitted range for closing arguments. . .

The Court finds the testimony of Mr. Anthenelli to be credible and is not persuaded that Mr. Anthenelli's representation was deficient.  Even if this Court were persuaded that Mr. Anthenelli should have objected, the Petitioner is not entitled to relief because Petitioner has not established that he was prejudiced by his trial counsel's failure to object.  As discussed above, the prosecutor did not improperly vouch for the State's witnesses.  Trial counsel's performance did not fall below an objective standard of reasonableness under prevailing professional norms when he did not object in the closing.

*Id.,* Ex. 14 at 5-6.

The post-conviction court's conclusions regarding Waters' ineffective assistance claims do not run afoul of *Strickland.*  For both claims, Waters has failed to show that trial counsel's actions were professionally unreasonable.  With respect to Waters' first ineffective assistance claim, the Court agrees with the post-conviction court that "[d]uring opening and closing arguments it is common and permissible generally for the prosecutor and defense counsel to comment on, or attack, the credibility of the witnesses presented."  *Id.,* Ex. 14 at 5 (quoting *Spain v. Maryland*, 872 A.2d 25, 30 (Md. 2005)).  The trial transcript supports the opinions of trial counsel, the trial court, and the post-conviction court that the prosecutor's statements regarding witness credibility were permissible commentary, not improper vouching.  Likewise, the transcript shows that Mr. Anthenelli did not provide ineffective assistance with respect to prosecutorial statements that allegedly highlighted Waters' failure to testify.  Mr. Anthenelli objected the first time the prosecutor made a statement that Mr. Anthenelli felt impinged on

Waters' Fifth Amendment right.   Answer, Ex. 3 at 110.   In response to Mr. Anthenelli's objection, the trial court made a curative instruction to the jury and warned the prosecutor to avoid any further such statements.   *Id*.   The Court finds credible Mr. Anthenelli's testimony that he believed the prosecutor's later statements to be within the boundaries established by the trial judge.

Waters' ineffective assistance claims also fail to meet *Strickland's* prejudice prong. Waters has failed to show that there is a reasonable probability that the outcome of his case would have been different had Mr. Anthenelli made the objections that Waters claims were necessary to provide effective assistance.

For these reasons, Waters' ineffective assistance claims are hereby denied pursuant to 28 U.S.C. § 2254(d).

### B.  *Prosecutorial Misconduct*

Waters also claims that the prosecutor committed misconduct by improperly vouching for the credibility of the state's witnesses and by making statements during closing arguments that improperly encouraged the jury to infer Waters' guilt from his failure to testify.

In order for prosecutorial misconduct to constitute a denial of due process, it must be "of sufficient significance to result in a denial of the defendant's right to a fair trial."   *United States v. Bagkey*, 473 U.S. 667, 676 (1985) (quoting *United States v. Agurs*, 427 U.S. 97, 108 (1976)). Actual prejudice must be shown before the sanction of dismissal or reversal of a conviction can be properly imposed.   *State v. Deleon*, 143 Md.App. 645, 667 (2002).   Section 2254(d) directs federal courts to deny a writ of habeas corpus to prisoners held subject to state court rulings with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim resulted in a decision that was contrary to or unreasonably applied

clearly established Supreme Court law.  28 U.S.C. § 2254(d)(1).  In the Fourth Circuit, in order to reverse a conviction based upon prosecutorial misconduct, "the defendant must show (1) 'that the prosecutor's remarks or conduct were improper' and (2) 'that such remarks or conduct prejudicially affected his substantial rights so as to deprive him of a fair trial.' " *United States v. Caro*,  597 F.3d 608, 624-25 (4th Cir. 2010) (quoting *United States v. Scheetz*, 293 F.3d 175, 185 (4th Cir. 2002)).

This is not a case that meets the high standards of § 2254(d).   The post-conviction court rejected Waters' claim that the prosecutor improperly vouched for the State's witnesses, specifically stating that the post-conviction court stated that the prosecutor's comments regarding witness credibility and the state of the evidence were permissible.  Answer, ECF No. 13, Ex. 14 at 5.  In making these statements, "the prosecutor did not put her personal assurances on the testimony of the witness, present to the jury any information that was not in evidence, nor encourage the jury to abandon their own judgment." *Id.*   The post-conviction court also rejected Waters' argument that the prosecutor improperly referred to the Petitioner's failure to testify, noting that "[d]efense counsel's objection to the most egregious comment of the prosecutor was preserved for appeal.  The Court of Special Appeals found the comment to be improper, but that Petitioner suffered no prejudice because of the Court's immediate curative instruction." *Id.,* Ex. 14 at 10.

The post-conviction court's determinations are not an unreasonable application of Supreme Court law.  The Court finds no prejudicial misconduct on the part of the prosecutor that unlawfully burdened Petitioner' rights and "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *See Darden v. Wainwright*, 477 U.S. 168, 180-81 (1986); *United States v. Caro,* 597 F.3d at 624.  Furthermore, the State court's determination is

entitled to deference and Waters has failed to show prejudice under the standard described in *Caro*.

## VI.     Certificate of Appealability

A habeas petitioner has no absolute entitlement to appeal a district court's denial of his motion. *See* 28 U.S.C. § 2253(c)(1). "A [Certificate of Appealability] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller–El v. Cockrell,* 537 U.S. 322, 335–36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)).

The Court will not issue a certificate of appealability because Waters has not made the requisite showing.  Denial of a certificate of appealability in this Court does not prevent Waters from seeking a certificate of appealability from the appellate court.

## VII.    Conclusion

For all these reasons, the Court DENIES the Petition for Writ of Habeas Corpus, DENIES issuing a certificate of appealability and CLOSES this case. A separate order follows.


Dated: <u>September 7 , 2011</u>                         <u>            /s/            </u>
                                                        Peter J. Messitte
                                                        United States District Judge